# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE SHAW,<br><br>  Plaintiff,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, WALLACE THOMPSON HOSPITAL LONG TERM DISABILITY PLAN,<br><br>  Defendants. | NO. 1:07-CV-01026-AWI-SMS<br><br>ORDER CLOSING CASE IN LIGHT OF STIPULATION FOR DISMISSAL WITH PREJUDICE |

   On July 8, 2009, the parties filed a stipulation of voluntary dismissal with prejudice of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

   Rule 41(a)(1)(A), in relevant part, reads:

> the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; (ii) a stipulated dismissal signed by all parties who have appeared.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in

1 | open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.
2 | 41(a)(1)(ii); <u>Eitel</u>, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule
3 | 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
4 | does not require judicial approval."  <u>In re Wolf</u>, 842 F.2d 464, 466 (D.C. Cir. 1989); <u>Gardiner v.</u>
5 | <u>A.H. Robins Co.</u>, 747 F.2d 1180, 1189 (8th Cir. 1984); <u>see also</u> <u>Gambale v. Deutsche Bank AG</u>,
6 | 377 F.3d 133, 139 (2d Cir. 2004); <u>Commercial Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d 1074,
7 | 1077 (9th Cir. 1999) <u>cf</u>. <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997)
8 | (addressing Rule 41(a)(1) dismissals).  "The plaintiff may dismiss some or all of the defendants,
9 | or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically
10 | terminates the action as to the defendants who are the subjects of the notice."  <u>Wilson</u>, 111 F.3d
11 | at 692; <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995).

12 | Because the parties have filed a stipulation for dismissal of this case with prejudice under
13 | Rule 41(a)(1)(A)(ii) that is signed by all parties who have made an appearance, this case has
14 | terminated.  <u>See</u> Fed. R. Civ. Pro. 41(a)(1)(A)(ii); <u>In re Wolf</u>, 842 F.2d at 466; <u>Gardiner</u>, 747
15 | F.2d at 1189; <u>see also</u> <u>Gambale</u>, 377 F.3d at 139; <u>Commercial Space Mgmt</u>, 193 F.3d at 1077; <u>cf.</u>
16 | <u>Wilson</u>, 111 F.3d at 692.

17 | Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light
18 | of the filed and properly signed Rule 41(a)(1)(A)(ii) Stipulation Of Dismissal With Prejudice.

20 | IT IS SO ORDERED.
21 | **Dated:     July 13, 2009**              /s/ **Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE